UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAIDER AL-ASHWAN,<br>   A75-027-755<br>      Plaintiff(s),<br><br>vs.<br><br>MICHAEL CHERTOFF, Secretary of<br>Department of Homeland Security, et al.,<br>      Defendant(s). | Case No. 4:06CV01303 ERW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Michael Chertoff, Secretary of Homeland Security, and Michael Jaromin's, District Director of United States Citizenship and Immigration Service, Motion to Remand [doc. #2].

**I. BACKGROUND**

Plaintiff Haider Al-Ashwan (Plaintiff) filed a Form N-400, "Application for Naturalization" (Form N-400) on August 12, 2004, after having resided in the United States as a lawful permanent resident since 1997. On March 1, 2005, the Plaintiff was interviewed by a United States Citizenship and Immigration Service (USCIS) officer, and was informed that he would be given another opportunity to be tested on his ability to write English. On June 8, 2005, the Plaintiff was interviewed a second time and was informed that he passed the tests of English proficiency and knowledge of United States History and government. The Plaintiff was further informed at that time that USCIS had begun the background investigation, but it was not complete. The results of the background investigation were still unavailable at the time the present motion to remand was filed, on October 30, 2006.

1

## II. DISCUSSION

Defendants' contend that the case should be remanded to USCIS for completion of the statutorily mandated background investigation, and subsequent approval or denial of the Plaintiff's application for naturalization. Defendants argue that while this Court has jurisdiction to hear the case, it is not obligated to so, and that this Court is in no better position to compel the completion of the required background investigation than USCIS. The Plaintiff agrees that this Court has jurisdiction, but argues that remanding the case to USCIS would be contrary to the statutory provision providing this Court with jurisdiction, as it would do nothing to expedite the completion of the application.

Following an applicant's filing of a Form N-400, the USCIS is required to conduct a background investigation, including a review of all pertinent immigration and police records. Pursuant to 8 U.S.C. § 1446(a)

> before a person may be naturalized, an employee of the Service, or of the United States designated by the Attorney General[1], shall conduct a personal investigation of the person applying for naturalization in the vicinity or vicinities in which such person has maintained his actual place of abode and in the vicinity or vicinities in which such person has been employed or has engaged in business or work for at least five years immediately preceding the filing of his application for naturalization.

8 U.S.C. § 1446(a). The background check that is required by the statute, is further detailed in the code of federal regulations. "The investigation shall consist, at a minimum, of a review of all pertinent records, police department checks, and a neighborhood investigation in the vicinities where the applicant has resided and has been employed. . .for at least five years immediately

---

[1] The term attorney general, is to be read as referring to the Secretary of Homeland Security, following the passage of the Homeland Security Act of 2002. Pub. Law 107-296, 2002 HR 5005.

preceding the filing of the application." 8 C.F.R. § 335.1. The background check which is required by the statute has not been completed in the pending case.

Another step in the process of reviewing an application for naturalization, is an interview examination of the applicant. 8 U.S.C. § 1446(d). During this interview the applicant must successfully complete testing with respect to the statutory requirements of English proficiency and knowledge of the United States history and government. 8 U.S.C. § 1423(a). According to the regulations, this is normally the last step in the application process, after the background investigation has been completed. 8 C.F.R. § 352.2.

First this Court addresses whether it has jurisdiction to hear this matter. Congress has expressly limited the jurisdiction of district courts in the naturalization process, and has granted the sole authority to naturalize individuals upon the Attorney General. 8 U.S.C. § 1421(a). However, an exception exists that provides this Court with jurisdiction. 8 U.S.C. § 1447(b). § 1447(b) states that

> [i]f there is a failure to make a determination under section 1446 of this title before the end of the 120 day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter, or remand the matter, with appropriate instructions, to the Service to determine the mater.

8 U.S.C. § 1447(b); *see also* 8 C.F.R. 335.3. An examination took place in this case on June 8, 2005, at which time the Plaintiff's application was approved pending the outcome of the background investigation. Clearly more than 120 days have passed since the date of the examination, in fact it has been more than a year and a half.

As the Plaintiff correctly points out, it is the order in which these two requirements were conducted in the pending case which has led to the dichotomy before this Court.[2] According to USCIS's own regulations, the background investigation should be completed before the applicant is scheduled for an interview. 8 C.F.R. § 335.2. The regulation specifically states that "the Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application *only after* the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed." *Id.* (emphasis added). As attested to by the Officer in Charge of the St. Louis, Missouri office for USCIS, this regulation is often ignored in the interest of efficiency. *See Def. Mot. to Remand*, Ex. 6 ("In the interest of efficiency, USCIS made the determination to conduct the interview of Plaintiff Haider Al-Ashwan while his background investigation was in progress.").

The Plaintiff contends that this Court cannot remand the case to USCIS without taking some further action on the matter, as it would defeat the purpose of the statute to grant a blanket remand. The statute provides that the Court "has jurisdiction over the matter and may either determine the mater or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b). The Ninth Circuit found the plain language to mean that "the district court is not *required* to entertain the naturalization issue. Rather, the statute affords *discretion* to the district court whether to decide or to remand." *U.S. v. Hovsepian*, 307 F.3d 922, 932 (9th Cir. 2002) (emphasis in original). The Ninth Circuit further emphasized that "there is a strong preference for naturalization applicants to exhaust the INS's [USCIS]

---

[2]Had USCIS waited to conduct the examination until after the completion of the background investigation it would not find itself in litigation before this Court.

4

administrative remedies before seeking judicial review." *Id.* Although the Plaintiff's argument is well taken, that by remanding the case the purpose of the statute, to expedite resolution of the case, is defeated, it does not override the plain language of the statute. By the terms of the statute, this Court has the discretion to remand the action back to USCIS without any further action, as long as the Court provides appropriate instructions.

Next the Court must decide if remand is appropriate in the present case. Defendants cite numerous district court decisions which have faced the same issue. *See e.g. Shalabi v. Gonzales*, 4:06CV00866 RWS (E.D.Mo. Oct. 23, 2006). The primary reason given in those decisions for remanding the case to USCIS, is that the district court is in no better position to decide the Plaintiff's application for naturalization than USCIS. *See e.g. Essa v. USCIS*, 20005 WL 3440827, at *2 (D.Minn. Dec. 14, 2005) ("The court. . .finds itself unable to adjudicate either application for the very reason CIS has been precluded from making a final decision-the FBI background check has not been completed."); *Swwilem v. USCIS*, 2005 WL 1123582, at *5 (N.D.Ohio, May 10, 2005) ("[I]n the interest of judicial economy, this Court will remand this matter to the ISCIS to await the final security clearance."). The Statute clearly provides that before an applicant can be naturalized, a background investigation must be completed. 8 U.S.C. § 1446(a). Although the Court is sympathetic to the Plaintiff's situation, USCIS is in a better position to complete the application process than this Court. As the district court in *El-Daour v. Chertoff*, noted "I am not equipped, nor qualified for that matter, to conduct a criminal bacground investigation. . .. Congress assigned this responsibility to the Federal Bureau of Investigation." 417 F.Supp.2d 679, 680 (W.D.Pa, 2005). Once the required background investigation has been completed there is no reason to believe that USCIS will not act promptly on the application.

The Court additionally notes that USCIS cannot complete the naturalization process without the required background investigation. In 1997 Congress passed a law stating, in pertinent part, "none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service [now USCIS] shall be used to complete adjudication of an application for naturalization unless [USCIS] has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed." Public Law 105-119, 111 Stat. 2448. Therefore, it is beyond the power of this Court to order USCIS to grant naturalization to the Plaintiff prior to the completion of the background investigation.

### III. CONCLUSION

This Court concludes that in order for a determination to be made on the Plaintiff's application for naturalization the background investigation must be completed. Furthermore, the Court is not in a position to complete the required background investigation and is therefore beholden to the FBI, as is the USCIS, to complete the required investigation. The Court remands the case to USCIS with instructions that a disposition must be made on the Plaintiff's application within thirty (30) days of the completion of the required background investigation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Remand [doc. #2] is **GRANTED** with instructions to United States Citizenship and Immigration Service to resolve the Plaintiff's application for naturalization within thirty (30) days of the completion of the required background investigation.

Dated this 7th Day of February, 2007.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE